## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

    v.

Anthony Scott Hill

July 9, 1991

Case No. (Criminal) 7393

By JUDGE THOMAS D. HORNE

The Court in this case is being asked to suppress any and all statements made by the defendant, Anthony Hill, to police officials at or around the time of his arrest for the instant offense. As a basis for his Motion, the defendant suggests that the stop of his vehicle and subsequent questioning concerning his identity constitute a violation of his Fourth Amendment right against unreasonable seizure and the fruits thereof.

Under the facts in this case, it is necessary to determine if the deputy sheriff was justified in temporarily detaining the defendant in order to determine his identity. The Commonwealth does not contend that the deputy had probable cause to arrest prior to learning of the status of defendant's operator's license. Accordingly, the test to be applied to the facts surrounding the instant stop is whether the deputy had a reasonable suspicion to do so; that is, "the pertinent question is whether, based on the totality of the circumstances viewed objectively, a police officer could entertain a reasonable suspicion that the defendant was engaged in criminal activity." *Zimmerman v. Commonwealth,* 234 Va. 609, 612 (1988).

Based on the totality of the circumstances in this case, it is clear that the officer could not have enter-

tained a reasonable suspicion that defendant Hill was in any way engaged in criminal activity. The only factors relied upon by the officer to create his reasonable suspicion were: (1) the way the vehicle was parked in the driveway with two wheels in the grass and (2) the fact that burglaries had taken place in an area in which the car was located. This evidence, when viewed as a whole, "[D]emonstrates innocent, lawful conduct, not a basis for a reasonable suspicion of illegal, criminal conduct." *Zimmerman, supra*, at 612. Furthermore, while an objective standard is to be used in judging the conduct of the deputy, his own testimony negates the weight to be given testimony concerning any speeding by the defendant. It was the deputy's unequivocal testimony that he did not stop the vehicle for that purpose.

It appears clear that the officer lacked sufficient justification to stop the defendant's vehicle, and as a result of the illegal stop, the officer learned defendant's name. That information enabled the officer to determine the defendant's status as an habitual offender. Thus, the unlawful stop resulted directly in his arrest. *Zimmerman, supra*, at 613. Accordingly, the Court will suppress any and all statements made by defendant Anthony Hill to police officials at or around the time of his arrest, including any statements concerning his identity and operator's license status. *Zimmerman, supra*.